1
2
3

Alfredo M. Morales [SBN69204]
Law Offices of Morales & Leaños
75 East Santa Clara Street, Suite 250
San Jose, CA 95113
Tel: (408) 294-5400

4
5

Attorneys for Defendant Son Nguyen

6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8

`

9
10
11
12

| UNITED STATES OF AMERICA, | ) | No. CR-07-00290-RMW |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF POINTS AND** |
| | ) | **AUTHORITIES IN SUPPORT OF** |
| vs. | ) | **MOTION TO SUPPRESS EVIDENCE** |
| | ) | **SEIZED AS RESULT OF UNLAWFUL** |
| | ) | **DETENTION, SEARCH AND ARREST** |
| | ) | **OF DEFENDANT SON NGUYEN** |
| | ) | |

13
14
15

SON NGUYEN , *et al.*

Defendants.

Date:   September 2, 2008
Time:  9:00 a.m.
Court:  Hon. Ronald M. Whyte

16
17

**STATEMENT OF FACTS**[1]

18
19
20
21
22
23

    The investigation of defendant Son Nguyen has its roots in a Title III investigation involving the distribution of ecstasy  that was started by the DEA in San Diego in 2005 -2006. At that time the Target subjects were Chi Bui and Linh Phue Nguyen. Based on the information received during the San Diego investigation DEA agents concluded that Nam Hoang Nguyen was likely a ecstasy source for Linh Phuc Nguyen. Consequently in September 2006  DEA agents in San Jose initiated a Title III  court ordered intercept on Nam Hoang Nguyen.

24
25
26

    _____During the course of the court ordered intercepts of Nam Hoang Nguyen a phone used by Huy Ngo was intercepted several times.  Agents concluded that Ngo was the source of supply of MDMA for Nam Hoang Nguyen. This led to Huy Ngo becoming  a target of an investigation

27
28

[1] This statement of facts is drawn from the declaration of Son Nguyen filed in support of this motion and information in discovery provided by the Government and in particular the DEA report prepared by SA Sammy Parks concerning the arrest of Son Nguyen on February 4, 2007 which is attached hereto as **Exhibit A**.

**Points and Authorities in Support of Motion to Suppress Evidence**

related to the sale of ecstasy. After receiving authorization for a pen register on Ngo's cell phone the government received an order in January 2007 authorizing wire interceptions of his cell phone. During the time period that the interceptions had been authorized agents developed information that led them to believe that Duc Nguyen was Ngo's source of supply for unspecified illegal drugs. This conclusion was based in part on an intercepted conversation on January 21, 2007, wherein a person referred to as "Tommy" (whom agents believed to be Duc Nguyen) using Duc Nguyen's cell phone agreed to deliver "two dishes" to Huy Ngo. On January 22, 2007, agents overheard an intercepted call on Duc Nguyen's cell phone between "Tommy" and Huy Ngo wherein Ngo asked Tommy if he and his friend can make it for sure because he needs it in a hurry. During this conversation Tommy agreed to come by with his friend so he could introduce him to Ngo. Approximately one-half hour after this intercepted call agents observed a red Nissan bearing California license plate 2VXT977 arrive near Ngo's residence ant two males exit the car and walk to Ngo's residence and enter. A few minutes later the agents observed the two males exit the residence along with Ngo and Trinh Lam. On January 23, 2007 this vehicle was observed parked at the residence associated with Duc Nguyen.

Between February 2nd and 4th 2007 DEA agents had intercepted several telephone calls between Huy Ngo and Duc Nguyen which they believed indicated that Duc Nguyen was going to deliver drugs to Huy Ngo's home located at 910 Gilchrist Walkway, San Jose. On February 4th surveillance of the residence was set up by DEA agents in anticipation that Duc Nguyen would be delivering drugs there. At approximately 2:00 p.m. agents observed defendant Duc Nguyen drive onto Gilchrist Walkway in a blue Toyota followed closely by a red Nissan bearing California license plate 2VXT977. Both vehicles pulled into the driveway of 910 Gilchrist Walkway. SA Sammy Parks and TFA Derell Simpson approached defendants Duc Nguyen and Son Nguyen just after they had each pulled into the driveway of 910 Gilchrist Walkway and parked their respective vehicles. At this point in time Son Nguyen had not been identified as a suspect in the investigation.

SA Parks approached Duc Nguyen and TFA Simpson approached Son Nguyen. According to Mr. Nguyen they approached with guns drawn. SA Parks advised both Duc and Son that the blue Toyota matched the description of a vehicle involved in a robbery down the street. This was a ruse

1   that SA Parks used in order to protect the on-going Title III investigation.  Mr. Nguyen states that

2   TFA Simpson ordered him out of his car, then ordered him to raise his hands and spread his legs

3   while at the same time physically forcing his hands into the air and kicking his legs apart. Per the

4   report TFA Simpson patted down Son Nguyen for officer safety purposes and felt a bulge in the

5   front right pocket of Son. The report states that  TFA Simpson asked Son for permission to reach in

6   his front pocket and Son replied "yea." TFA Simpson asked Son if he spoke English and Son

7   replied "yea."  Per Parks report TFA Simpson then reached into Son Nguyen's right front pocket

8   and retrieved two clear plastic bags containing a beige rock substance that appeared to be crack

9   cocaine. Mr. Nguyen advises that TFA Simpson searched his pockets without consent. Son Nguyen

10  was then placed under arrest. Meanwhile SA Parks was speaking with Duc Nguyen using the same

11  "robbery ruse." Duc Nguyen was fully identified and released from the scene.

12        After Mr.  Nguyen was detained, searched, and arrested TFA Simpson asked Son Nguyen if

13  he was on probation or parole. Son Nguyen advised TFA Simpson that he was on parole. Son

14  Nguyen was transported to the DEA office where he was photographed and fingerprinted. Son

15  Nguyen advised agents that Duc Nguyen was his brother and that they lived together at 1870

16  Macduee Court. Son was Mirandized. He refused to answer any questions.

17

18   **THE WARRANTLESS DETENTION AND ARREST OF DEFENDANT SON NGUYEN IS**
     **PRESUMPTIVELY ILLEGAL AND CAN ONLY BE JUSTIFIED BY A RECOGNIZED**
19   **EXCEPTION TO THE WARRANT REQUIREMENT**

20        Warrantless detentions and arrests are presumptively illegal and can only be justified by

21  some recognized exception to the warrant requirement. [*United States v. Jeffers*, 342 U.S. 48, 51

22  (1951); *Beck v. Ohio*, 379 U.S. 89, 96 (1964) (warrantless arrest "bypasses the safeguards provided

23  by an objective predetermination of probable cause and substitutes instead the far less reliable

24  procedure of an after-the-event justification for the arrest or search, too likely to be subtly

25  influenced by the familiar shortcomings of hindsight judgment.").]

26        In this case defendant Son Nguyen maintains that when he was approached by several DEA

27  agents including TFA Darrell Simpson with his gun drawn and pointed at him as part of a robbery

28  ruse he was detained without justification. "In order to determine whether a particular encounter

---

**Points and Authorities in Support of Motion to Suppress Evidence**

1  constitutes a seizure, a court must consider all the circumstances surrounding the encounter to

2  determine whether the police conduct would have communicated to a reasonable person that the

3  person was not free to decline the officers' requests or otherwise terminate the encounter." [*Florida*

4  *v. Bostick*, 501 U.S. 429, 439-40.] A seizure occurs when a law enforcement officer, through

5  coercion, "physical force, or a show of authority, in some way restricts the liberty of a person."

6  [*United States v. Chan-Jimenez,* 125 F.3d 1324, 1325 (9th Cir. 1997).]  A person has been 'seized'

7  within the meaning of the Fourth Amendment when, "taking into account all of the circumstances

8  surrounding the encounter, the police conduct would 'have communicated to a reasonable person

9  that he was not at liberty to ignore the police presence and go about his business.'" [*Florida v.*

10  *Bostick,* 501 U.S. 429, 437.][2]

11  　　In *United States v. Washington,* 387 F.3d 10060 (9th Cir. 2004), the Ninth Circuit identified

12  the following five factors for use in determining whether a reasonable person would have felt "at

13  liberty to ignore the police presence and go about his business.": (1) the number of officers; (2)

14  whether weapons were displayed; (3) whether the encounter occurred in a public or non-public

15  setting; (4) whether the officer's officious or authoritative manner would imply that compliance

16  would be compelled; and (5) whether the officers advised the detainee of his right to terminate the

17  encounter. [*United States v. Washington,* 387 F.3d 1060, 1068 (9th Cir. 2004) citing  *Orhorhaghe v.*

18  *INS,* 38 F.3d 488, 494-96 (9th Cir. 1994).]

19  　　Here the report states that the officers approached the defendants using the ruse that Duc

20  Nguyen's vehicle matched the description of a vehicle involved in a robbery "down the street."

21  According to Defendant Son Nguyen several agents swooped into his immediate area, with TFA

22  Simpson quickly approaching with his gun pointed at him. This makes sense given the robbery ruse

23  scenario described by the report. i.e. the agents played out the ruse as a felony stop. Son Nguyen

24

25  　　　　[2]An evidentiary hearing on a motion to suppress is required if the moving papers are definite, specific and

26  detailed enough for the court to conclude that there are contested issues of fact regarding the validity of the search.
   [*United States v. Licavoli*, 604 F.2d 613, 621 (9th Cir. 1979), cert. denied, 446 U.S. 935 (1980).] The attached report and

27  supporting declarations clearly put in dispute the issue of consent. The defense believes that this issue is not critical to
   the resolution of this motion given the agents lack of knowledge regarding this defendant's parole status. If the court

28  deems otherwise than an evidentiary hearing is necessary and requested.
   　　　　At the evidentiary hearing, the government has the burden of showing that a warrantless search is reasonable.
   [*United States v. Carbajal,* 956 F.2d 924, 930 (9th Cir.1992).]

---

**Points and Authorities in Support of Motion to Suppress Evidence**

1  was then ordered out of his vehicle whereupon TFA Simpson ordered him to "assume the position"

2  while literally physically forcing Mr. Nguyen into the position desired. TFA Simpson then pat

3  searched Son Nguyen and searched his pockets without consent. Under these circumstances the

4  conduct of the agents at minimum constituted a detention and likely an arrest as no reasonable

5  person in such circumstances would believe he was "at liberty to ignore the police presence and go

6  about his business." [*Florida v. Bostick,* 501 U.S. 429, 437 quoting *Michigan v. Chesternut*, 486,

7  U.S. 567, 569 (1988).]

8          As the agents used a robbery ruse to protect the ongoing Title III investigation, there must

9  be some independent grounds to justify the seizure of Son Nguyen. A "Terry" stop or investigative

10  detention requires a reasonable suspicion that the detainee is engaged in criminal activity. [*Beremer*

11  *v. McCarty*, 468 U.S. 420, 439.] "To detain a suspect, a police officer must have reasonable

12  suspicion, or 'specific, articulable facts which, together with objective and reasonable inferences,

13  for the basis for suspecting that the particular person detained is engaged in criminal activity. [*U.S.*

14  *v. Michael R.*, 90 F.3d 340, 346 (9th Cir. 1995).] In this case there are no specific, articulable facts

15  which create any reasonable inferences that Son Nguyen was engaged in criminal activity.

16  "Reasonable suspicion requires a particularized and objective basis for suspecting the person

17  stopped of criminal activity." [*U.S. v. Tiong*, 224 F.3d 1136, 1140(9th Cir.2000).] The intercepted

18  phone calls involved solely Duc Nguyen. While the red Nissan is associated to Duc Nguyen's there

19  is no evidence that Son Nguyen is the registered owner or that he drove it more than once. The

20  agents make an inference that Duc Nguyen delivered drugs to the home of Huy Ngo on January 22,

21  2007, but there is no direct evidence that drugs were ever delivered. Nor is Son Ngueyn identified

22  as the person who accompanied Duc Nguyen on January 22, 2007. Further, Son Nguyen's name had

23  never come to the attention of agents at this point in the investigation. In sum, on February 4, 2007

24  there was no direct or indirect evidence tying Son Nguyen to the ongoing investigation. Thus at best

25  the agents had an "inchoate and unparticularized suspicion or hunch" that Son Nguyen was engaged

26  in any criminal activity. [*Terry v. Ohio*, 392 U.S. 1, 27.] "A hunch, while it might reflect good

27  police intuition, does not amount to reasonable suspicion." [*U.S. v. Turvin*, 517 F.3d 1097, 1106 (9th

28  Cir.2008)(dis.opn.of Paez, J.]

---

**Points and Authorities in Support of Motion to Suppress Evidence**

1   Nor can the agents rely on the fact that Son Nguyen was on state parole to justify the

2   detention and subsequent search as they did not know who he was at the time of the detention and

3   they did not have any information that he was on state parole until *after* he was unlawfully detained.

4   While it is true that under current case law parolees have a reduced expectation of privacy by virtue

5   of search conditions imposed on them as a result of their parole status,  "[A]dvance knowledge of a

6   parolee's status is critical to the constitutionality of a suspicionless search of a parolee." [*Fitzgerald*

7   *v. City of Los* Angeles, 485 F.Supp.2d 1137 (2000), relying on U.S. *v. Samson*, 547 U.S. 843.]

8   "[A]n officer would not act reasonably in conducting a suspicionless search absent knowledge that

9   the person stopped for the search is a parolee." [U.S. *v. Samson*, 547 U.S. 843, ftn5, citing with

10   approval *People v. Sanders* (2003) 31 Cal.4th 318, 331-332.]

11   For the foregoing reasons defendant Son Nguyen requests that his motion be granted and

12   that all evidence seized be suppressed as fruits of the unlawful detention, search and arrest of his

13   person.

14

15   Dated: August 14, 2008                    Respectfully submitted,

16

17

18                                      _____/s/_____
                                        Alfredo M. Morales, Esq.
19                                      Counsel for Defendant Son Nguyen

20

21

22

23

24

25

26

27

28

**Points and Authorities in Support of Motion to Suppress Evidence**