Alfredo M. Morales [SBN69204]
Law Offices of Morales & Leaños
75 East Santa Clara Street, Suite 250
San Jose, CA 95113
Tel: (408) 294-5400

Attorneys for Defendant Son Nguyen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR-07-00290-RMW |
|---|---|
| Plaintiff, | ) **SUPPLEMENTAL MEMORANDUM OF** |
| vs. | ) **AUTHORITIES IN SUPPORT OF** |
| | ) **MOTION TO SUPPRESS EVIDENCE** |
| | ) **SEIZED AS RESULT OF UNLAWFUL** |
| | ) **DETENTION, SEARCH AND ARREST** |
| | ) **OF DEFENDANT SON NGUYEN** |
| SON NGUYEN, *et al.* | ) Date: September 2, 2008 |
| | ) Time: 9:00 a.m. |
| Defendants. | ) Court: Hon. Ronald M. Whyte |

## THE CONDUCT OF THE AGENTS AMOUNT TO AN ARREST WITHOUT PROBABLE CAUSE.

As pointed out in defendant's initial points and authorities the "conduct of the agents at minimum constituted a detention and likely an arrest." [Def.P&A's, p.5:4] In this case the unlawful detention escalated into an unlawful arrest before agents ever announced to Mr. Nguyen that he was under arrest.

> Whether an arrest has occurred depends on all the surrounding circumstances, including the extent to which liberty of movement is curtailed and the type of force or authority employed. (citations omitted). We often confront the issue of when a legitimate "*Terry* stop," for which only reasonable suspicion of criminal activity is required, escalates into an arrest for which probable cause is required. The differing standards for each reflect the differing degrees of intrusion characteristic to each. A *Terry* stop involves no more than a brief stop, interrogation and, under the proper circumstances, a brief check for weapons. Beyond such a brief and narrowly circumscribed intrusion, an arrest occurs, for which probable cause is required. (citations omitted). The ultimate question is whether, in view of all the circumstances, a reasonable person would believe himself to be under arrest. [*United States v. Robertson*, 833 F.2d 777, 780 (9th Cir.1987.]

**Supplemental Points and Authorities in Support of Motion to Suppress Evidence**

In *United States v. Strickler,* 490 F.2d 378 (9th Cir. 1974), the police were watching a house where they expected cocaine to be delivered. The police observed a car drive past the house twice, the unknown occupants of the car looking in the direction of the house the first time. Later at some distance from the house police cars surrounded the car and one of the officers pointed a gun at the occupants of the car and ordered them to raise their hands. One officer went to the driver's side of the car, and inspected the interior. He saw a revolver near Strickler's foot. The officer then ordered Strickler out of the car, handcuffed him, and formally advised him that he was under arrest for possession of the gun found in the car. The Ninth Circuit held that, where police cars surrounded a vehicle occupied by the defendant and pointed their guns at him, an arrest and not a mere investigatory detention had occurred; and further that such conduct could be justified only if probable cause existed. [*Id.* at 379.] The Court reasoned that, while at gunpoint, the restriction of defendant's liberty of movement was complete. The court perceived no difference in terms of restriction of liberty between holding defendant at gunpoint and handcuffing him and pronouncing him to be under arrest, stating:

> [W]e simply cannot equate an armed approach to a surrounded vehicle whose occupants have been commanded to raise their hands with the "brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information" ... The restriction of Strickler's "liberty of movement" was complete when he was encircled by police and confronted with official orders made at gunpoint. (citations omitted). No significant, new restraint was added when Officer Ripley, a few moments later, handcuffed Strickler and formally pronounced him "under arrest." Thus, the arrest was completed before Officer Ripley reached the window of the Cadillac. [*United States v. Strickler*, 490 F.2d 378,380 (9th Cir.1974.]

In this case Mr. Nguyen was approached with a gun pointed at him and manhandled both as he exited his car and outside his car. In addition, it appears his own car was blocked so as to prevent movement. As in *Strickler* the restriction of Son Nguyen's "liberty of movement" was complete when he was encircled by agents and confronted with official orders at gun point coupled with being manhandled. Further, there is no evidence suggested by the discovery that the agents had a legitimate fear for their safety that could justify the force employed by the agents. In view of these circumstances a reasonable person would believe himself to be under arrest. Accordingly, the unlawful detention of Son Nguyen escalated into an arrest which required probable cause.

**Supplemental Points and Authorities in Support of Motion to Suppress Evidence**

Since the detention of Son Nguyen at gun point constituted an arrest <u>before</u> any drugs were located the Government has the burden of demonstrating the requisite probable cause required by the Fourth Amendment. This not likely as the discovery provided shows the agents had only tenuous reasons to believe Son Nguyen was involved in the illegal drug trafficking that was being investigated. As pointed out earlier there are no specific, articulable facts which create any reasonable inferences that Son Nguyen was engaged in criminal activity. The intercepted phone calls did not involve Son Nguyen. The red Nissan Son Nguyen was driving was registered to someone else and there is no evidence that he+ drove it more than once. The agents had nothing other than innuendo and a hunch to surmise that Son Nguyen was involved in the criminal activity they were investigating; in fact Son Nguyen's name had never come to the attention of agents at this point in the investigation. As there was insufficient evidence to justify a detention there certainly was not sufficient information to establish probable cause for the arrest of Son Nguyen.

**THE CONSENT TO SEARCH THE CELL PHONE IS TAINTED BY THE UNLAWFUL ARREST**

After Son Nguyen was arrested he was transported to DEA offices. Agents attempted to interrogate him without the benefit of a *Miranda* warning during the time he was waiting in the vehicle he was placed in, during the ride to the DEA station and while at the DEA station. Son Nguyen tried to avoid responding to the interrogation but the agents persisted in their questioning. When he finally was *Mirandized* Mr. Nguyen declined to give a statement but per SA Parks report did give consent to look through his cell phone in order to retrieve numbers from the cell phone. Mr. Nguyen states that this consent was elicited prior to the point he was *Mirandized* and given only because he felt under the circumstances that he had no choice. The consent elicited from Mr. Nguyen should be considered tainted as obtained following an illegal arrest. "When consent to search is elicited and given following an illegal arrest, the consent to search is the result of the 'chain of presumptive coercion.' Because the illegal arrest triggers the exclusionary rule, the consent is tainted as part of the 'fruit of the poisonous tree,' and the government must show that sufficient attenuation has occurred to free the consent from the taint." [*United States v. McCoy* 839 F.Supp. 1442, 1445 (1993)., citing *Nardone v. United States,* 308 U.S. 338, 341 (1939).]

> In deciding whether consent is the fruit of illegal police conduct, the Ninth Circuit Court of Appeals has relied on cases regarding the admissibility of confessions made after an illegal arrest, primarily *Brown v. Illinois,* 422 U.S. 590, ... the Ninth Circuit Court of Appeals has examined three factors derived from *Brown* to determine whether the consent was sufficiently attenuated from the illegal conduct: 1) the length of time between illegal police conduct and the consent; 2) the presence of intervening circumstances; and 3) the purpose and flagrancy of the illegal conduct.

Here the time between the arrest and the consent to search is short and inconsequential given the methods used to arrest Mr. Nguyen. The arresting agents acted flagrantly in employing the robbery ruse to detain Son Nguyen knowing full well the detention was illegal. Further, there appears to no intervening circumstances that will attenuate the taint of the illegal detention that escalated in an unlawful arrest. In fact the agents continued to conduct themselves in an outrageous manner in that after Mr. Nguyen was arrested they continuously attempted to interrogate him without the benefit of a *Miranda* warning. The Government may argue that the *Miranda* warning will suffice attenuate the taint but *Miranda* warnings by themselves are insufficient to attenuate the taint. "If *Miranda* warnings, by themselves, were held to attenuate the taint of an unconstitutional arrest, regardless of how wanton and purposeful the *Fourth Amendment* violation, the effect of the exclusionary rule would be substantially diluted." [*Brown v. Illinois,* 422 U.S. 590, 602 (1975).] In any event the *Miranda* warning given here cannot provide any assistance to the Government as it was given after the consent was elicited.

For the foregoing reasons defendant Son Nguyen requests that his motion be granted and that all evidence seized as a result of the unlawful detention, search and arrest, including but not limited to drugs and cell phone information, be suppressed as fruit of poisonous tree. [*Wong Sun v. United States,* 371 U.S. 471, 487-88, (1963).]

Dated: August 18, 2008                              Respectfully submitted,

                                                                /s/
                                     Alfredo M. Morales, Esq.
                                     Counsel for Defendant Son Nguyen

**Supplemental Points and Authorities in Support of Motion to Suppress Evidence**